**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

WADITH NADER,

*Plaintiff*,

v.

SECRETARY OF THE AIR FORCE,

*Defendant.*

Civil Action No. 22-2023 (RDM)

**MEMORANDUM OPINION**

Plaintiff Wadith S. Nader is a former Air Force officer who seeks review under the Administrative Procedure Act of two decisions of the Air Force Board for Correction of Military Records ("AFBCMR"). Dkt. 1 at 1 (Compl. ¶ 1). The thrust of his claim is that the AFBCMR improperly denied his requests to reconsider a previous Air Force decision denying him a continuation of active duty. *Id.* at 3–4 (Compl. ¶¶ 16–26). Defendant, the Secretary of the Air Force (the "Secretary"), has moved to transfer this case to the District of Maryland or, alternatively, to dismiss the case pursuant to Federal Rule of Civil Procedure 12(b)(3) for improper venue. Dkt. 9 at 1. The Court agrees with the Secretary that venue is not proper in the District of Columbia. But rather than dismiss the case, it will exercise its discretion to transfer the case to the District of Maryland.

Federal law requires that plaintiffs bring suit "in the proper venue" to "ensure[ ] that a district with some interest in the dispute or nexus to the parties adjudicates the plaintiff's claims." *Hamilton v. JPMorgan Chase Bank*, 118 F. Supp. 3d 328, 333 (D.D.C. 2015). Pursuant to Federal Rule of Civil Procedure 12(b)(3), "a defendant may, at the lawsuit's outset, test whether the plaintiff has brought the case in a venue that the law deems appropriate." *Johns v.*

*Newsmax Media, Inc.*, 887 F. Supp. 2d 90, 96 (D.D.C. 2012) (internal quotation marks omitted). In order to "prevail on a motion to dismiss for improper venue," a "defendant must present facts that will defeat the plaintiff's assertion of venue," but the "burden . . . remains on the plaintiff to prove that venue is proper when an objection is raised, since it is the plaintiff's obligation to institute the action in a permissible forum." *Roland v. Branch Banking & Trust Corp.*, 149 F. Supp. 3d 61, 67 (D.D.C. 2015) (internal quotation marks omitted). "The [C]ourt may resolve [a] motion [to dismiss for improper venue] on the basis of the complaint alone, or, as necessary, [it may] examine facts outside the complaint that are presented by the parties, while drawing reasonable inferences in favor of the plaintiff." *McCain v. Bank of America*, 13 F. Supp. 3d 45, 51 (D.D.C. 2014). "The [C]ourt, however, need not accept the plaintiff's legal conclusions as true." *Darby v. U.S. Dep't of Energy*, 231 F. Supp. 2d 274, 277 (D.D.C. 2002) (internal quotation marks omitted).

"If the Court concludes that venue is improper, it must then decide whether to dismiss the action or to transfer the case to a district where it could initially have been instituted." *King v. Caliber Home Loans, Inc.*, 210 F. Supp. 3d 130, 134 (D.D.C. 2016); *see also* 28 U.S.C. § 1406(a) ("The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."). The "standard remedy for improper venue is to transfer the case to the proper court rather than dismissing it—thus preserving a [plaintiff's] ability to obtain review," *Nat'l Wildlife Fed'n v. Browner*, 237 F.3d 670, 674 (D.C. Cir. 2001), but the "decision whether a transfer or a dismissal is in the interest of justice . . . rests within the sound discretion of the district court," *Naartex Consulting Corp. v. Watt*, 722 F.2d 779, 789 (D.C. Cir. 1983).

The parties agree that 28 U.S.C. § 1391(e)(1), the general venue statute for official-capacity claims against federal officers, governs venue in this case. Venue is proper under that provision in any district where: "(A) a defendant in the action resides, (B) a substantial part of the events or omissions giving rise to the claim occurred . . . , or (C) the plaintiff resides if no real property is involved in the action." 28 U.S.C. § 1391(e). By Nader's own account he resides in Nebraska, so he cannot rely on § 1391(e)(1)(C). Dkt. 1 at 2 (Compl. ¶ 4). Nader also disclaims any reliance on § 1391(e)(1)(B), under which venue is proper where "a substantial part of the events or omissions giving rise to the claim occurred." Dkt. 10 at 3; Dkt. 14 at 2. Reasonably so, since, according to an unrebutted declaration submitted by the Secretary, the administrative actions that Nader challenges were taken by the AFBCMR at Joint Base Andrews in Maryland. Dkt. 13-1 at 1–3 (Davidson Decl. ¶¶ 1, 6, 8–10). So the only question is whether the Secretary resides in the District of Columbia and thus whether venue is proper under § 1391(e)(1)(A).

The Court concludes that the Secretary of the Air Force does not reside in the District of Columbia. Under § 1391(e)(1)(A), "[t]he residence of an official defendant is determined on the basis of the official residence of the federal officer or agency." *Bourdon v. U.S. Dep't of Homeland Sec.*, 235 F. Supp. 3d 298, 304 (D.D.C. 2017) (internal quotation marks omitted). The Secretary of the Air Force's residence is therefore the residence of the Air Force itself. And the Air Force resides at the Pentagon, which is located in Arlington, Virginia, not the District of Columbia. Dkt. 13-1 at 1 (Davidson Decl. ¶ 4); *see also Dehaemers v. Wynne*, 522 F. Supp. 2d 240, 244, 247 (D.D.C. 2007) (noting that the Pentagon "is physically located in Arlington, Virginia"); *Chin-Young v. Esper*, No. 18-2072, 2019 WL 4247260, at *5 (D.D.C. Sept. 6, 2019) (taking judicial notice "that the Pentagon is located in Arlington, Virginia"); *Carter v. Wilson*,

No. 17-2143, 2019 WL 13242563, at *2 (D.D.C. Mar. 25, 2019) ("[T]he residence of the United States Air Force is the Pentagon in Arlington, Virginia.").

None of Nader's allegations in his complaint nor arguments in his opposition to the Secretary's motion to transfer dictate a different result. The complaint simply states that venue is proper under § 1391(e), without any additional supporting factual allegations. Dkt. 1 at 2 (Compl. ¶ 3). That bare assertion is insufficient to carry Nader's burden of pleading facts that establish that venue is proper.

Nader nevertheless argues in his opposition that venue is proper in the District of Columbia as a matter of law. Dkt. 10 at 1–3. He points out that officers of the United States "can have more than one residence, and venue can properly lie in more than one jurisdiction" and that "[w]hen an officer [or] agency head performs a significant amount of his or her official duties in the District of Columbia, the District of Columbia is a proper place for venue." *Id.* at 1 (quoting *Dehaemers*, 522 F. Supp. 3d at 248 (internal quotation marks omitted)). And, he contends, "the Secretary of the Air Force performs a significant amount of his or her duties in the District of Columbia." *Id.* But that is at bottom a factual assertion, not a legal one. And like Nader's averments regarding venue, it is also ipse dixit, free from citation or factual support regarding the Secretary's particular duties and where he performs them.

Although *Nader* cites several cases in support of his argument, none persuades the Court that the Secretary of the Air Force resides in the District of Columbia because he performs a significant amount of his duties here. Only one of those cases, *Cohen v. United States Department of the Air Force*, 707 F. Supp. 12 (D.D.C. 1989), actually holds that venue is proper in the District of Columbia in an action against the Air Force, stating broadly that "the District of Columbia is a proper venue for suits against military defendants based in the Pentagon," *id.* at

13. The Court agrees with Judge Kollar-Kotelly's conclusion in *Carter v. Wilson* that *Cohen* is not persuasive authority as to venue against military defendants in general or the Secretary of the Air Force in particular. *See Carter*, 2019 WL 13242563, at *3. For one thing, *Cohen* said nothing about where the Secretary of the Air Force actually performs his duties. *See* 707 F. Supp. at 13. For another, *Cohen* offers no analysis in support of its sweeping conclusion. *See id.* It cites to only one case, *Mundy v. Weinberger*, 554 F. Supp. 811, 818 (D.D.C. 1982). *Mundy*, however, features a fact-intensive venue analysis more in keeping with *Carter*'s view that venue is proper in the District of Columbia for suits against the Secretary of the Air Force—or any military defendant—not as a categorical matter but only "depending on the circumstances of the case." *Carter*, 2019 WL 13242563, at *3. *Dehaemers*, perhaps Nader's next best case, merely notes that venue "*might* be proper" against the Secretary of the Air Force in the District of Columbia and does not actually reach the conclusion Nader urges on this Court. 522 F. Supp. 2d at 248 (emphasis added); *see also id.* at 247 (noting that "it is unclear whether venue [for Plaintiff's claim against the Secretary of the Air Force] properly lies in the District of Columbia").

Nader also cites two other buckets of cases, neither availing. The first is a line of decisions holding that venue is proper in the District of Columbia for actions against the Secretary of Defense and Secretary of the Navy. Dkt. 10 at 2. Those cases and the cases on which they rely are inapposite. The cases involving the Secretary of Defense trace back to *Bartman v. Cheney*, 827 F. Supp. 1 (D.D.C. 1993), which relied on the fact that the Secretary of Defense "maintains two offices in the District and is a member of both the National Security Council and the President's Cabinet." *Id.* at 2 n.2. Nader has made no similarly detailed allegations (or showing) here regarding the Secretary of the Air Force. As for the cases

pertaining to the Secretary of the Navy, such as *Smith v. Dalton*, 927 F. Supp. 1 (D.D.C. 1996), the Court agrees with *Carter* that they "do not provide details or specificity about the type of duties or number of duties which the Secretary of the Navy performed in the District of Columbia to make it a proper venue," *Carter*, 2019 WL 13242563, at *2. They are therefore of limited persuasive value and do not compel any particular conclusion with respect to the Secretary of the Air Force. The next bucket is a set of decisions from this circuit that have permitted claims against the AFBCMR to proceed without transferring or dismissing for improper venue. Dkt. 10 at 2. But none of these cases even mentions venue, and since venue is waivable, the courts had no obligation in those cases to consider *sua sponte* whether venue was proper. *See* 14D Charles A. Wright & Arthur Miller, *Federal Practice and Procedure*, § 3829 (4th ed. 2022) ("Venue generally is considered a privilege and a form of protection provided to defendants. Therefore, a defect in venue may be waived under Civil Rule 12(g) and (h) if not asserted in timely fashion . . . . [A] court should never raise the issue after the defendant has waived any venue objection."). Those decisions consequently shed no light on the question at issue.

As a last resort, Nader protests that absent discovery, he lacks the ability to ascertain the facts that would support his venue argument. Dkt. 14 at 1–2. He insists that only government employees have access to information regarding where the Secretary performs his duties. *Id.* So, he argues, "[i]f the Court determines that the nature and frequency of the Secretary's official duties in the District of Columbia are material to the venue issue," the Court should afford him "an opportunity to conduct discovery," including through "deposing either the Secretary or someone in his office who can respond to questions either as a percipient witness or by reference to official records such as the Secretary's travel records and official diary." *Id.* Needless to say,

that is an extraordinary request. And it misses the mark. Even if Nader is correct that he might be able to elicit facts supporting venue in the District of Columbia by deposing the Secretary or one of his subordinates who has access to his travel records and diary, the inconvenience to the Secretary would be such that the Court would transfer the case "[f]or the convenience of [the] parties . . . [and] in the interest of justice" before permitting Nader to engage in such burdensome discovery. 28 U.S.C. § 1404(a).

Bolstering that conclusion is the complete absence of any allegations in the complaint or any showing in Nader's opposition to the pending motion that the Secretary of the Air Force regularly engages in the business of the Department in the District of Columbia. Although Nader cannot be expected to know exactly when and where the Secretary performs specific duties, the official conduct of the business of the Air Force is, at least at times, a matter of public record. The location of the AFBCMR proceeding at issue in this case offers just one example of that record.

Although venue is improper (or at least inconvenient) in the District of Columbia, the Court will exercise its discretion to transfer the case "in the interest of justice," rather than dismiss it. 28 U.S.C. § 1406(a). The interest of justice is best served by transferring the case to the District of Maryland. From the Court's review of the briefing and the record, venue is proper at least in the District of Nebraska, where Nader resides, Dkt. 1 at 2 (Compl. ¶ 4), the Eastern District of Virginia, where the Secretary of the Air Force resides, Dkt. 13-1 at 1 (Davidson Decl. ¶ 4), and the District of Maryland, where most of the events or omissions giving rise to the claim occurred, *id.* at 1–3 (Davidson Decl. ¶¶ 1, 6, 8–10). *See* 28 U.S.C. § 1391(e)(1). Neither party has expressed any interest in litigating this case in Nebraska or in the Eastern District of Virginia. The Secretary, however, has registered a strong preference for transfer to the District

of Maryland. *See* Dkt. 9. Absent any argument from Nader regarding any forum besides the District of Columbia or any obvious reason of convenience or public interest not to transfer the case to the District of Maryland, the Court agrees with the Secretary that the District of Maryland is the appropriate destination.

**CONCLUSION**

For the foregoing reasons, the Court concludes that venue is not proper in the District of Columbia and this action, accordingly, should be transferred pursuant to 28 U.S.C. § 1406(a) to the United States District Court for the District of Maryland. The Court will accordingly **GRANT** in part and **DENY** in part Defendant's motion to transfer or dismiss and for extension of time, Dkt. 9, and will **ORDER** that this case be **TRANSFERRED** to the United States District Court for the District of Maryland. The Court will further **ORDER** that Defendant respond to the complaint within thirty days of the date on which this case is placed on the electronic docket for the District of Maryland.

A separate order will issue.

/s/ Randolph D. Moss
RANDOLPH D. MOSS
United States District Judge

Date: December 23, 2022